**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOSEPH ESKRIDGE** | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **C.A.No. 06-193 Erie** |
| | ) | **District Judge Cohill** |
| **MS. PETERS,** | ) | **Magistrate Judge Baxter** |
| **Defendant.** | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I        RECOMMENDATION**

_____It is respectfully recommended that the instant civil rights action be dismissed for plaintiff's failure to prosecute.

**II        REPORT**

Plaintiff, formerly an inmate incarcerated within the State Correctional System of Pennsylvania, filed this civil rights action on August 24, 2006.

By Order of this Court dated May 9, 2008, defense counsel was directed to set up a status conference via telephone conference call. Counsel has indicated to this Court that Plaintiff was released from prison on February 20, 2008 and did not provide a forwarding address. Plaintiff has also not changed his address with this Court despite his obligation under the Local Rules to do so.

By Order of this Court dated May 12, 2008, Plaintiff was directed to show cause before May 27, 2008, for his failure to provide a change of address. The order warned that failure to comply would result in the dismissal of this action for failure to prosecute. Document # 40. To date, Plaintiff has not complied.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. <u>Poulis v. State Farm Fire and Casualty Company</u>, 747 F.2d 863 (3d Cir. 1984). The court must

1

consider: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Plaintiff has not taken any steps to prosecute this case since August of 2007.. Further, Plaintiff has ignored orders by this Court, as well as the Local Rules of the Court. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties.

**III     CONCLUSION**

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Plaintiff's failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated May 30, 2008